UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| KEITH A. ROBINSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-00090-JRG-CHS |
| | ) | |
| DEPARTMENT OF HR, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoners' complaint filed under 42 U.S.C. § 1983. The matter is now before the Court for screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, no process shall issue and this action will be **DISMISSED**.

**I.    SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts

liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff is currently incarcerated at Bradley County Justice Center. Although not verbatim, Plaintiff's complaint in this action is similar to his complaint filed in a case previously dismissed by this Court[1].

Here, Plaintiff argues that his previous case (*Robinson*, 1:17-CV-332) should have been handled at an earlier time [Doc. 1 p. 2]. Plaintiff further contends that he "did[ ] not sign a waiver to be indited [sic]" [Doc. 1 p. 2]. He asserts that his police report was inaccurate due to discrimination and/or prejudice [*Id.*]. Plaintiff also argues that his charges "should have been concurrent with other charges" [*Id.*]. Plaintiff's only request for relief is that his record be expunged [*Id.*].

## III. ANALYSIS

The right to expungement of state records is not a federal constitutional right. *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980). It appears that Plaintiff is, in effect, seeking to use 42 U.S.C. § 1983 as a vehicle for making a collateral attack on his state criminal conviction. That is to say, he is seeking to use 42 U.S.C. § 1983 as a substitute for a habeas corpus petition. This, he cannot do. Plaintiff's request to expunge his record[2] is not an available remedy under § 1983. *See*

---

[1] *See Robinson v. State of Tennessee*, 1:17-CV-332 (E.D. Tenn. April 17, 2018).
[2] Plaintiff, however, does not indicate what specific records he seeks to have expunged and why.

*Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come with the literal terms of § 1983."); *See also, Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Accordingly, Plaintiff's allegation that his sentence "should have been concurrent with other charges" fails to state a cognitive claim under § 1983 as it directly relates to the length or duration of his imprisonment. This claim will be **DISMISSED**.

Moreover, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005). Thus, should his allegations of an unsigned waiver or inaccurate police report imply the invalidity of his current confinement or its duration, § 1983 relief is unavailable. Consequently, Plaintiff's claims asserted under § 1983 will be **DISMISSED**.

Further, Plaintiff's claim that his previous case pending in the Eastern District of Tennessee "should have been handled at a[n] earlier time" fails to allow the Court to plausibly infer any violation of Plaintiff's constitutional rights. Accordingly, this claim will also be **DISMISSED**.

IV. **CONCLUSION**

Based on the above, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As such, Plaintiff's motion for discovery [Doc. 5] is hereby **DENIED AS MOOT**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

                                                  s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE